UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Case No: 14 B 10438 |
| Jason R. Dearth, | ) | |
| | ) | Honorable Bruce W. Black |
| Debtors, | ) | |
| | ) | |

**Findings of Fact and Conclusions of Law in Support of
Order Awarding to David P. Lloyd, Attorney for Trustee, for Allowance and Payment of
Compensation and Reimbursement of Expenses.**

| | | | |
|---|---|---|---|
| Total Fees Requested: | $ 15,825.00 | Total Costs Requested: | $ 26.76 |
| Fees Disallowed: | $    900.00 | Costs Disallowed: | $   0.00 |
| Total Fees Allowed: | $ 14,925.00 | Total Costs Allowed: | $ 26.76 |

Total Fees and Costs Allowed:      $ 14,951.76

THE COURT HAS IDENTIFIED THE NOTED TIME AND EXPENSE ENTRIES THAT
HAVE BEEN DISALLOWED IN WHOLE OR IN PART

**(1)   Trustee Work Can Not Be Compensated As Professional Services**
"The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation."*Boldt v. United States Trustee (In re Jenkins)*, 130 F.3d 1335, 1341 (9th Cir. 1997) (quoting *In re Prairie Cent. Ry. Co.*, 87 B.R. 952, 959 (Bankr. N.D. Ill. 1988):

Preparation of 727 extension motion                                    $ 240.00

**(2)   Overhead Costs are Non-Compensable**
The Court denies reimbursement for fees or expenses that are overhead costs. Expenses that are overhead are not compensable because they are built into the hourly rate. *See In re Wildman*, 72 B.R. 700, 731 (Bankr. N.D. Ill. 1987). Overhead, for bankruptcy purposes, includes "all continuous administrative or general costs or expenses incident to the operation of the firm which cannot be attributed to a particular client or cost." *In re Convent Guardian Corp.*, 103 B.R. 937, 939-40 (Bankr. N.D. Ill. 1989) (quoting *In re Thacker*, 48 B.R. 161, 164 (Bankr. N.D. Ill. 1985)). Absent extraordinary circumstances, the court will not reimburse an applicant for local parking and transportation at the estate's expense. *See In re Convent Guardian Corp.*, 103 B.R. 937, 940-944 (Bankr. N.D. Ill. 1989).

| | |
|---|---|
| Travel time | $ 300.00 |
| Telephone conference w/court personnel re: scheduling | $   60.00 |

1

**(3)   No Benefit to the Estate**

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. ß 330(a)(4)(A). An attorney's internal work to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

| | |
|---|---|
| Preparation and appearance on motion to set status hearing | $ 300.00 |
| (To correct improper initial summons date) | |

David P. Lloyd is hereby awarded an allowance of compensation and expenses as set forth above.

Dated: 21 OCT 2016

Entered: Bruce W. Black
Bruce W. Black
United States Bankruptcy Court